**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-6814

JAMES ARNESS ERBY,

Petitioner - Appellant,

v.

BRECKON, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:18-cv-00588-MFU-RSB)

Submitted:  August 18, 2021                    Decided:  December 22, 2021

Before GREGORY, Chief Judge, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Arness Erby, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Arness Erby, a federal prisoner, appeals the district court's orders (1) dismissing for lack of jurisdiction Erby's 28 U.S.C. § 2241 petition in which Erby sought to challenge his convictions and sentence by way of the savings clause in 28 U.S.C. § 2255; and (2) denying Erby's Fed. R. Civ. P. 59(e) motion to alter or amend the court's earlier judgment. Pursuant to § 2255(e), a prisoner may challenge his conviction or sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a *sentence* when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added).

Additionally,

> [Section] 2255 is inadequate and ineffective to test the legality of a *conviction* when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In light of the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), we discern no error in the district court's ruling that Erby could not satisfy either

the *Wheeler* test or the *In re Jones* standard. Accordingly, we affirm the district court's orders. *Erby v. Breckon*, No. 7:18-cv-00588-MFU-RSB (W.D. Va. Mar. 24, 2020 & May 20, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*